*State, to the use of St. Charles County, vs. Adm'r of Fulkerson, and others.*

STATE, TO THE USE OF ST. CHARLES COUNTY, VS. ADM'R OF FULKERSON, AND OTHERS.

1. Under the act of 1835, a sheriff is *ex officio* collector until the 1st January next succeeding the expiration of his term of office as sheriff; and if such sheriff, on the expiration of his term as sheriff, fail or refuse to qualify as collector, the vacancy in the office of collector can be filled by the Governor.

2. Although the commission from the Governor may not state the term for which the officer was appointed, it is not void, but such fact may be shown by parol evidence.

3. When a fact may be proven in different ways, the party has a right to select the mode of proof—and if the evidence offered be competent, it is error in the court to exclude such proof—and although the party may be able to establish such fact by other evidence, he will not be compelled to resort to such other evidence.

## ERROR to St. Charles Circuit Court.

CAMPBELL, *for Plaintiff in error, insists :*

1. The Governor had power to appoint a collector in place of David McCausland, the outgoing sheriff, who refused to give bond and act as collector for that year.

2. The actual appointment, as offered in evidence, is in usual form of such appointments, and is not rendered void by failing to state in the body of the commission for what year the appointment is made.

3. The office of collector of that county was vacant for the year 1840; the commission was granted in 1840; the bond was given by said Fulkerson and his securities in 1840, and the oath of office taken in the same year, and the commission must be presumed to refer to the then present year.

44

4. After the commission was received, and the bond given, and the oath of office taken under the same, the officer who acted under the commission, and his securities, cannot avail themselves of any such objection to the terms of the commission.

5. The law does not prescribe any form for such commission, and it is the duty of the Governor to couch the same in such language as will be understood. In this case, the power conferred by the commission could not refer to the year 1841, or any subsequent year, because the Governor had no power to issue such a commission for those years; it could not, with any degree of reason, be presumed to refer to the year 1839, or any former year, for it is to be presumed that the revenue of those years had been settled long before that time, and the powers conferred by the commission could not refer to any other year than 1840, without a far fetched absurdity.

6. Even if said commission be defective, in not stating for what year said appointment of collector was made, the court erred in not setting aside the non-suit, for the reason that the bond sued on admits that he was appointed collector *for the year* 1840, and defendants are *estopped* from denying that fact; *vide* Greenleaf's Evidence, vol. 1, sec. 22; also sec. 207, 210 and 211, same vol.; even if the commission had been wholly void, which plaintiff denies that it was.

BATES, *for Defendants in error, insists :*

That the only point for the consideration of the court is, whether or not the Circuit Court erred in rejecting the Governor's appointment of Fulkerson as collector of the revenue was within and for the county of St. Charles.

For the defendants, it is submitted that the paper rightly ruled out. This proceeding took place under the Revised Code of 1835, at p. 536, (art. 3, tit. Revenue) sections 1, 2, 3. The sheriff is made *ex officio* collector of the revenue within his county for two years, commencing on the first day of January next ensuing his election. That he shall give bond "before entering upon the duties of his office," &c.; and if any sheriff neglect or refuse to give bond as collector, "his office of sheriff" shall immediately be vacant; and the County Court shall immediately notify the Governor thereof, and the Governor "shall forthwith appoint some suitable person to *fill such vacancy*," i. e. the vacancy in the office of sheriff.

By the bill of exceptions, it appears that the reason assigned by the Circuit Court for rejecting the paper is, "that said commission does not state *for what term* said collector was appointed," and the error complained of is, that the reason is not a good one.

For the defendant, it is submitted, 1st. That the reason assigned is good; and, 2nd. If not, still the commission (as it is called) was rightly rejected, and that for several good reasons; and that the judgment ought not to be reversed, because the Circuit Judge may have given a wrong reason for a right decision.

McBRIDE, J., *delivered the opinion of the Court.*

The State of Missouri, for the use of St. Charles county, brought an action of debt in the Circuit Court against William N. Fulkerson, as principal, and William Eckert, Lefrenier J. Chauvin and Peter Fulkerson, as his securities, on his official bond as collector of the revenue for said county for the year 1840, he having failed to pay the same over to the treasurer of said county.

Since the trial in the Circuit Court, Fulkerson, the principal, and

Eckert and Chauvin, two of his securities, have died, and the suit has been revived against their administrators.

Several pleas were filed to the declaration, (which it is not necessary to notice, as no question arises thereon) when the parties went to trial before a jury; thereupon, the plaintiff suffered a non-suit, with leave to move to set the same aside, which he subsequently did, but the court overruled his motion, and he excepted, and has brought the case here by writ of error.

From the record, we collect the following facts in this case: David McCausland had been elected, in August, 1838, sheriff of St. Charles county, for the term of two years. On the 26th day of August, 1840, the late sheriff, McCausland, declined to act as collector of the revenue for said county for the year 1840, and refused to execute bond; whereupon, the County Court made an order certifying the fact of such refusal to the Governor of the State, when the Governor appointed and commissioned William N. Fulkerson "collector of the revenue within and for the county of St. Charles, of the the State of Missouri, and do authorize and empower him to discharge the duties of said office according to law; to hold his said office, with all the powers, privileges and emoluments to the same appertaining, until the legal termination thereof."— Dated 21st September, 1840, with the oath of office endorsed thereon, dated 6th November, 1840. On the 13th day of October, 1840, the said Fulkerson, as principal, and the other defendants, as his securities, executed the bond sued on to the State of Missouri, in the penal sum of $10,000, conditioned as the law directs in case of collectors' bonds. The bond was approved by the County Court. On the trial in the Circuit Court, after reading to the jury the order of the County Court certifying to the Governor the refusal of McCausland to execute bond as collector for the year 1840, and also the bond of Fulkerson as such "collector for the county of St. Charles for the year 1840," the plaintiff offered to read as evidence the commission of the Governor commissioning William N. Fulkerson collector, &c.; to the reading of which, the defendants objected, and the court sustained the objection, and excluded the commission " for the reason that the said commission does not state for what term the said collector was appointed."

The question now presented to this Court is, did the Circuit Court properly exclude the commission for the reason assigned, or for any other reason ?

The defendant's counsel in this Court, not choosing to rely upon the reason assigned by the Circuit Court for excluding the commission from

the jury, place the propriety of the action of that court on the ground that there was no such office as that of collector of St. Charles county, vacated and to be filled by the Governor's appointment; and consequently no paper emanating from the Governor could prove or tend to prove that Fulkerson held an office, the existence of which was forbidden by express law.

Passing by the reason assigned by the Circuit Court, which we think untenable, we shall proceed to examine the question as presented by the defendant's counsel, in this Court. Prior to the revision of 1835, the several County Courts in this State were vested with the power of appointing collectors for their respective counties. The individual appointed was required to execute bond as collector and to take the oath of office, which office he held for the term of two years. By the act of 1835, R. C., p. 535, the sheriffs of the several counties thereafter elected were to be *ex officio* collectors of the revenue within their respective counties, for two years, commencing on the first day of January next ensuing their election. They were required, each year, before entering upon the duties of the office of collector, to give bond and security to the State, to the satisfaction of the County Court, in a sum at least double the amount of the revenue to be collected, conditioned for the faithful performance of all the duties of such office. In the event that any sheriff should neglect or refuse to give bond as required, his office of sheriff was to be immediately vacated, and the County Court were required to notify the Governor of that fact, whose duty it was made to appoint some suitable person to fill such vacancy.

From the foregoing provisions of the act concerning collectors, it will be seen, that although there is a blending of the two offices, that of sheriff and collector, together, which were previously entirely distinct and separate, yet the line of distinction is still visible; for, by the act, the sheriff elected at the general election in August, every two years, enters upon the discharge of his duties as sheriff immediately after the election, but does not take on himself the duties of the office of collector until the first of January after his election. Holding each office for the term of two years after the commencement thereof, his office of collector consequently overreaches that of sheriff near five months. And it is within this period that the duties of collector are most onerous and responsible; for the collector does not receive the assessment until about the first of August in each year, and is required by law to make his collection and pay the same into the State treasury on or before the first Monday in December, annually.

Between the middle or twentieth of August, when the term of the old sheriff terminates and that of the new sheriff commences, and the first of January following, when the office of collector terminates and a new term commences, who is collector? The statute declares, that the outgoing sheriff shall continue to discharge the duties of the office of collector until the January following. Not, I apprehend, because the collector was sheriff merely, for his powers and duties as such had expired, but by virtue of his being collector, an office still having a legal existence.

Let us apply the principles contended for by defendant's counsel to the case at bar, and see how it will operate. David McCausland was elected sheriff of St. Charles county at the general election for sheriffs in August, 1838. He was required by law to execute bond, and consequently entered upon the duties of his office of sheriff within fifteen days after the receipt of the certificate of his election; this would be about the 20th of the month; and he held the office, under the constitution of the State, for the term of two years, and until his successor was qualified. He became, and took upon himself the duties of the office of collector of the revenue on the first day of January, 1839, and held the office for two years. At the next general election for sheriffs, which took place on the first Monday in August, 1840, another individual was elected sheriff, and on or before the 20th day of the month, executed bond entered upon the duties of the office of sheriff, but did not become collector until the first of January following. The tax book for 1840 had not come into the hands of McCausland, and he, not finding it his interest to collect the revenue for the commission or compensation allowed by law, refused to execute bond as required, whereby a vacancy occurred in the office of collector. If, under this state of facts, there was no vacancy whereby an appointment could be made for the collection of the revenue, the State would truly be in a dilemma. She could not sue McCausland on his bond as sheriff for failing to collect the revenue, and she could not sue him as collector, inasmuch as he had given no bond as such. His successor would not be liable, for his office of collector had not commenced. Accordingly, no one would be liable, and no one could be made liable, for no one could legally be vested with the authority of collecting the revenue for 1840. Public policy would forbid such a construction of the law, if it were not obvious that such a construction arises from a misapprehension of the statute.

We hold, therefore, that the office of collector exists after the termination of the office of sheriff, and thus existing, a vacancy can take place. We maintain that the refusal of the late sheriff, McCausland, to execute

bond as collector, under the circumstances, vacated the office of collector, and vested in the Governor the power of appointment.

That no vacancy took place in the office of sheriff, by reason of the refusal of the late sheriff to execute bond as collector, because his former office had terminated by law, and a sheriff legally appointed and qualified was in office—and that the appointment of collector by the Governor was in conformity with law,—see the case of Howard vs. State, 8 Mo. R., 361.

The counsel for the defendants contends that the bond on which the suit was brought recites the fact that Fulkerson was collector, and therefore it was unnecessary to prove his appointment by the Governor; consequently no error was committed in excluding the commission. It was necessary to establish the fact that Fulkerson was collector. To do this, the plaintiff might have relied on the estoppel in the deed; or she might show it by the production of the commission, or otherwise. Any of these modes were allowable to her. If she thought proper to adopt one, and the court improperly prevented her from the benefit of it, it was error in the court, and it is no answer in this Court to say that other modes of proof were open to the party complaining of this error.

The commission was admissible, although it did not state expressly for what year the collector was appointed. It might be presumed from the face of the commission; and if not, parol evidence was admissible to show for what year the commission empowered him to act.

For the foregoing reasons, the judgment of the Circuit Court was erroneous, and the other Judges concurring herein, the judgment is reversed and the cause remanded.